IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PRESTON HILL, | ) | 1:11-cv-1391  AWI SMS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER ON DEFENDANTS' |
| | ) | MOTION TO DISMISS |
| CLOVIS POLICE DEPARTMENT, | ) | |
| MARK BRADFORD (Badge #5465), | ) | |
| individually and as an officer of the | ) | (Doc. No. 8) |
| Clovis Police Department, OFFICE OF | ) | |
| THE DISTRICT ATTORNEY FRESNO | ) | |
| COUNTY, ELIZABETH EGAN, | ) | |
| individually and as District Attorney, and | ) | |
| ELANA ARON SMITH individually and | ) | |
| as Deputy District Attorney, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case stems from the criminal investigation and prosecution of Preston Hill ("Hill") by Clovis Police Officer Mark Bradford ("Bradford"), Fresno County District Attorney Elizabeth Egan, and Fresno County Deputy District Attorney Elana Smith ("Smith").  Hill brings claims under 42 U.S.C. § 1983 for malicious prosecution and under state law for malicious prosecution and defamation.  Bradford and the Clovis Police Department (collectively "Clovis Defendants") move to dismiss the claims against them.  For the reasons that follow, the motion will be granted.

## BACKGROUND

From the Complaint, in the summer of 2010, Hill was a student and member of the wrestling team at Buchanan High School in Clovis, California.  At some point in 2010, Hill

wrestled fellow Buchanan High student Ross Rice at a scrimmage. After Hill and Rice had

wrestled, Rice made an allegation against Hill. Rice alleged that Hill assaulted him while they

were wrestling. Specifically, Rice alleged that Hill had penetrated Rice's anus with two fingers.

On July 15, 2010, Bradford extensively questioned Hill regarding Rice's allegations. Hill

was completely cooperative and maintained his absolute innocence. In addition to questioning

Hill on July 15, the Complaint alleges that Bradford acted recklessly, intentionally, and

maliciously towards Hill. Among other things, Bradford: (1) failed to question numerous

witnesses (such as coaches and parents) who witnessed the scrimmage, saw Rice's jubilant

demeanor, and disputed that a sexual battery of any kind occurred; (2) procured Hill's statements

without contacting Hill's parents or advising Hill of Miranda Rights; (3) failed to disclose his

positive assessment of Hill's demeanor; (4) maliciously predetermined that a crime occurred

before speaking to Hill, and wrote his report accordingly; (5) ignored the elements of sexual

battery by restraint in relation to the facts of the case; and (6) ignored multiple pieces of

exculpatory evidence. See Complaint at ¶¶ 16, 41.

On August 25, 2010, all of the Defendants maliciously instituted juvenile criminal

proceedings against Hill without probable cause. Defendants charged Hill with the crime of

sexual battery by restraint. At Bradford's request, the juvenile wardship petition was signed by

Smith and also listed Egan as a party to the petition. However, the juvenile proceeding was

subsequently withdrawn and terminated entirely in Hill's favor. Thus, Hill obtained complete

exoneration from the charge against him.


## **LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside

Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th

Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are

taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  The Ninth Circuit has distilled the following principles from Iqbal and Twombly:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. Cal. 2011).  If a Rule 12(b)(6) motion is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  That is, leave to amend need not be granted where amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## **DEFENDANT'S MOTION**

### **1.**     **First Cause of Action – 42 U.S.C. § 1983 – Malicious Prosecution**

#### *Defendant's Argument*

Defendants argue that dismissal of this claim is appropriate for two reasons.  First, liability against Bradford was cut off when the District Attorney filed criminal charges based on

her independent review of the evidence.  Second, Bradford is entitled to qualified immunity.  Hill has failed to show that there is a clearly established constitutional right at issue.  There are no cases cited that indicate that a person has a right to attend the high school of his choice, or that when a prosecution is voluntarily dismissed by the entity that filed the prosecution that the person then has a due process or equal protection claim.  Finally, the Supreme Court has recognized that police officers have a defense of good faith and probable cause in a § 1983 cause of action.  Here, Bradford investigated an allegation of a sexual battery that took place during a wrestling match, took statements from the parties involved, and then took his recommendation to the District Attorney.

*Plaintiff's Opposition*

Hill argues that the district attorney's decision to file criminal charges does not "cut off" Bradford's liability because Bradford acted in bad faith and omitted or concealed exculpatory evidence.  Hill also argues that Bradford is not entitled to qualified immunity.  Hill states that the right to be free from criminal prosecution without probable cause is long established, and the right to a public education is a fundamental right under the California and United States Constitutions.  Finally, the allegations in the complaint show that Bradford did not act in good faith and with probable cause.

*Legal Standards*

Under 42 U.S.C. § 1983, a "criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others—including police officers and investigators—who wrongfully caused his prosecution."  Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011); see Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004).  To maintain a § 1983 action for malicious prosecution, a "plaintiff must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her a specific constitutional right."  Smith, 640 F.3d at 938; Awabdy, 368 F.3d at 1066.  Probable cause is an absolute defense to a § 1983 malicious prosecution claim.  Lassiter v. City of Bremerton, 556 F.3d 1049, 1054-55 (9th Cir. 2009); Smith, 640 F.3d at 938.  The specific constitutional right at issue may include, but is not limited to, a right secured by the Fourth

Amendment.  See Awabdy, 368 F.3d at 1069-70.  However, there is no Fourteenth Amendment

substantive due process right to be free from prosecution without probable cause.  Id. at 1069.

### Discussion

As an initial matter, Bradford's argument concerning independent review by the District

Attorney is not well taken.  Bradford is correct that, generally, "where police officers do not act

maliciously or with reckless disregard for the rights of an arrested person, they are not liable for

damages suffered by the arrested person after a district attorney files charges unless the

presumption of independent judgment by the district attorney is rebutted."  Blankenhorn v. City

of Orange, 485 F.3d 463, 482 (9th Cir. 2007); Smiddy v. Varney, 665 F.2d 261, 267 (9th Cir.

1981).  A plaintiff may rebut the presumption of independent judgment in a number of ways

including, but not limited to, showing that the officer omitted relevant information from his

reports, applied inappropriate pressure on the district attorney to file charges, knowingly included

false information in his reports, or acted maliciously towards the plaintiff.  See Harper v. City of

L.A., 533 F.3d 1010, 1028 (9th Cir. 2008); Beck v. City of Upland, 527 F.3d 853, 862-63 (9th

Cir. 2008); Smiddy, 665 F.2d at 266-67.  Here, the Complaint alleges that Bradford acted with

malice and with reckless disregard for Hill's rights, omitted information from his report, wrote

his report so as to be as close to the elements of a crime as possible despite awareness of

substantial exculpatory evidence, and ignored the elements of sexual battery by restraint.  See

Complaint at ¶ 16.  These allegations tend to rebut the presumption of independent judgment.

For purposes of this motion, the Court cannot hold that Hill's damages were cut off when the

District Attorney filed charges.

As to other arguments, for § 1983 malicious prosecution claims, there must be allegations

that a defendant acted for the purpose of denying a specific constitutional right.  Smith, 640 F.3d

at 938.  The Complaint states the Defendants' actions were undertaken with the purpose of

depriving Hill of his Fourteenth Amendment rights to due process, equal protection, and the right

to an education.  See Complaint ¶ 26.  However, there are problems with this paragraph and with

this cause of action.

First, it has been recognized that there is no federal constitutional right to a public

1  education.  See Plyler v. Doe, 457 U.S. 202, 221 (1982); San Antonio Indep. Sch. Dist. v.

2  Rodriguez, 411 U.S. 1, 35 (1973); Handberry v. Thompson, 446 F.3d 335, 352-53  (2d Cir.

3  2006); Smith v. Senigman Unified Schl. Dist., 664 F.Supp.2d 1070, 1074 (D. Ariz. 2009); see

4  also Payne v. Peninsula Sch. Dist., 653 F.3d 863, 880 (9th Cir. 2011).  If there is no

5  constitutional right to public education, then a defendant cannot have the purpose of violating

6  such a right.  It is possible for state law to provide a protected property interest in a public

7  education, and for such a property interest to receive Fourteenth Amendment procedural due

8  process protection.  See Goss v. Lopez, 419 U.S. 565, 574 (1975); Jacobs v. Clark County Sch.

9  Dist., 526 F.3d 419, 441 (9th Cir. 2008); Smith, 664 F.Supp.2d at 1074-75.  However, the

10  Complaint's mere allegation that Hill was deprived of his right to education, without more, does

11  not adequately identify a specific constitutional right.

12      Second, the Complaint does not indicate whether Hill relies on Fourteenth Amendment

13  procedural or substantive due process.  If Hill is attempting to rely on substantive due process,

14  then his reliance is misplaced because there is no substantive due process right to be free from

15  malicious prosecution.  See Awabdy, 368 F.3d at 1069-70.  If Hill is attempting to rely on

16  procedural due process, then the allegations are too bare.  Hill should allege what liberty or

17  property interest he had and which process Bradford (and the rest of the Defendants) intended to

18  deprive him.  Cf. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).  Simply

19  alleging that Defendants acted with the purpose to deprive Hill of "due process" is insufficient

20  because the allegation is ambiguous and does not identify a specific constitutional right.

21      Third, the Complaint alleges that Defendants intended to violate Hill's equal protection

22  rights.  The Equal Protection clause essentially mandates that all persons who are similarly

23  situated should be treated alike.  See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

24  Equal protection claims require a showing that a defendant acted with the purpose to discriminate

25  against the plaintiff based on the plaintiff's membership in a protected class.  Id.  In Awabdy, the

26  Ninth Circuit held that the plaintiff had adequately alleged a malicious prosecution claim where

27  one of the constitutional rights at issue was equal protection.  See Awabdy, 368 F.3d at 1070.

28  The Ninth Circuit found sufficient the allegation that the defendants had intended to deprive

6

Awabdy of "his right to equal protection under the Fourteenth Amendment by intentionally causing the District Attorney to bring an unfounded action against him because of his racial animus towards Arab Americans."  Id.  In other words, *Awabdy* had allegations of membership in a protected class and a malicious prosecution based on that protected class.  See id.  Here, Hill has not alleged membership in a protected class.  Without the identification of a protected status or class, there is not an equal protection right apparent.  See Serrano, 345 F.3d at 1082. Therefore, Hill's allegations do not adequately identify a specific constitutional right.

While Hill is not required to martial all of his evidence or plead with a heightened degree of particularity, his complaint must contain factual allegations that reflect a plausible claim.  See Iqbal, 129 S.Ct. at 1949; Starr, 652 F.3d at 1216.  Because the factual allegations do not adequately identify a specific constitutional right at issue, Hill has not plausibly pled a claim for malicious prosecution.[1]  Further, Bradford is sued in both his individual and official capacities. See Complaint at ¶ 3.  Since the Complaint has not adequately pled a § 1983 malicious prosecution claim against Bradford in his individual capacity, the allegations are also insufficient against Bradford in his official capacity.[2]  Cf. Simmons v. Navajo County, 609 F.3d 1011, 1021(9th Cir. 2010); Jackson v. City of Bremerton, 268 F.3d 646, 653 (9th Cir. 2001). Accordingly, dismissal is appropriate.[3]


**2.**      **Second & Third Causes of Action – State Law  Malicious Prosecution & Defamation**
        *Defendant's Argument*

Defendants argue that dismissal of these claims is appropriate for several reasons.  First, the Clovis Police Department is not a separate public entity, rather it is a department/subsidiary

---

[1]Because the Complaint has not properly alleged a malicious prosecution claim, the Court cannot determine whether the facts as alleged would have alerted a reasonable officer in Bradford's position that he was violating clearly established rights.  If Hill chooses to file an amended complaint, and if the factual allegations show that qualified immunity is appropriate, Bradford may again move for qualified immunity through a Rule 12(b)(6) motion.

[2]A suit against a public officer in his official capacity is another way of pleading an action against the public entity of which the officer is an agent.  See Chew v. Gates, 27 F.3d 1432, 1446 n.15 (9th Cir. 1994).

[3]Bradford also argues that police officers have the defense of probable cause.  However, the Complaint alleges that Bradford acted with malice and without probable cause.  See Complaint at ¶¶ 10, 16.

of the City of Clovis.  As a mere department, it should be dismissed.  Second, the Complaint does not allege compliance with the Government Claims Act.  Since compliance with the Government Claims Act is an element of any cause of action against a public entity or public employee, no state law claims are alleged.  Further, it appears that the statute of limitations for presenting the claim has run.  Third, the Complaint does not identify any statute that would make the City of Clovis liable.  Finally, Bradford is entitled to immunity pursuant to California Government Code § 821.6.

### *Plaintiff's Opposition*

Hill argues that if the Clovis Police Department is not a proper legal entity, then the City of Clovis should be substituted and that no harm would result from such a substitution.[4]

Hill states that he complied with the Government Claims Act when he submitted a claim on October 26, 2011.  Hill argues that his claims accrued when all the criminal charges were dropped on January 27, 2011.  Thus, his claim was presented to the Clovis Defendants within one year and is timely.  Hill argues that, although the Clovis Defendants have yet to act on the presented claim, they have 45 days to either grant or deny the claim.  If 45 days passes without action, the claim will be deemed denied.  Thus, if amendment is allowed, 45 days will have passed, and an amended complaint would be able to include allegations of compliance with the Government Claims Act.

Hill also argues that he should be allowed to amend his complaint so that he can specify particular statutory duties that were violated by the Defendants.

Finally, Hill argues that Defendants are not immune from suit.  California Civil Code § 52.1 enables individuals to sue for damages that result from constitutional violations, and § 52.1 overcomes the immunity of Government Code § 821.6.  Because Hill's state law causes of action are deeply rooted in the statutory and constitutional rights to be free from defamation and malicious prosecution, immunity will not apply to a § 52.1 claim.

---

[4] Hill also states that it is appropriate to substitute the County of Fresno for the District Attorney's Office.

*Legal Standards*

a.      California Government Claims Act & Public Entity Liability

As a prerequisite for filing suit for "money or damages" against a public entity, the California Government Claims Act requires presentation of a claim to the public entity.  See Cal. Gov. Code § 945.4; State of California v. Superior Court, 32 Cal.4th 1234, 1240-44 (2004) ("Bodde").  Lawsuits that seek monetary relief based on claims sounding in tort, as well as claims sounding in contract, are lawsuits for "money or damages."  See City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (2007); Sparks v. Kern County Bd. of Supervisors, 173 Cal.App.4th 794, 798 (2009).  Claims relating to a cause of action for death or injuries to the person or injuries to personal property must be presented no later than six months after the accrual of the cause of action.[5]  See Cal. Gov. Code § 911.2(a); Bodde, 32 Cal.4th at 1239.  The term "injury" means "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings, or estate, of such nature that it would be actionable if inflicted by a private person."  Cal. Gov. Code § 810.8; Holt v. Kelly, 20 Cal.3d 560, 564 n.4 (1978); Ovando v. County of Los Angeles, 159 Cal.App.4th 42, 63 n.7 (2008).  The Government Claims statutes "must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim."  City of Stockton, 42 Cal.4th at 738; City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1974).  "Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to a plaintiff maintaining an action against [a public entity], and thus [is] an element of the plaintiff's cause of action."  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209 (2007); Bodde, 32 Cal.4th at 1240.  Accordingly, the failure to timely present a claim for money or damages to a public entity bars the plaintiff from bringing suit against that entity.  City of Stockton, 42 Cal.4th at 738; Bodde, 32 Cal.4th at 1239; Sparks, 173 Cal.App.4th at 738.  In federal court, the failure to allege facts that either demonstrate or excuse compliance with the Government Claims statutes will

---

[5]However, it is possible for a claimant to obtain leave to file a late claim with the public entity.  See Cal. Gov't Code § 911.4; County of Los Angeles v. Superior Court, 91 Cal.App.4th 1303, 1308 (2001); see also Ellis v. City of San Diego, 176 F.3d 1183, 1190 (9th Cir. 1999).

1   subject a state law claim to dismissal.  Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470,

2   1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir.

3   1988).

4          Relatedly, California Government Code § 950.2 mandates that "a cause of action against

5   a public employee . . . for injury resulting from an act or omission in the scope of his

6   employment as a public employee is barred unless a timely claim has been filed against the

7   employing public entity."  Fowler v. Howell, 42 Cal.App.4th 1746, 1750 (1996).  The California

8   Legislature "included in the [Government] Claims Act what amounts to a requirement that . . .

9   one who sues a public employee on the basis of acts or omissions in the scope of the defendant's

10  employment [must] have filed a claim against the public-entity employer pursuant to the

11  procedure for claims against public entities."  Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13

12  (1991) (citing Cal. Gov. Code §§ 911.2, 945.4, 950.2, 950.6(a)).  In federal court, the failure to

13  allege compliance with the Government Claims statutes with respect to a public employee will

14  subject state law claims to dismissal.  Karim-Panahi, 839 F.2d at 627.

15         Finally, "[e]xcept as otherwise provided by statute, a public entity is not liable for an

16  injury, whether such injury arises out of an act or omission of the public entity or public

17  employee or any other person."  Cal. Gov't Code § 815.  "All government tort liability must be

18  based on statute."  Hoff v. Vacaville Unified Sch. Dist., 19 Cal.4th 925, 932 (1998).  "The Tort

19  Claims Act draws a clear distinction between the liability of a public entity based on its own

20  conduct, and the liability arising from the conduct of a public employee."  de Villers v. County of

21  San Diego, 156 Cal.App.4th 238, 251 (2007).  For direct liability, a "specific statute declaring

22  [the entity] to be liable, or at least creating some specific duty of care" must be identified.

23  Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1183 (2003); de Villers, 156

24  Cal.App.4th at 252.  For vicarious liability, California Government Code § 815.2 "expressly

25  makes the doctrine of respondeat superior applicable to public employers."  Hoff, 19 Cal.4th at

26  932; see also Eastburn, 31 Cal.4th at 1180.  Specifically, a "public entity is liable for injury

27  proximately caused by an act or omission of an employee of the public entity within the scope of

28  his employment if the act or omission would, apart from this section, have given rise to a cause

1    of action against that employee or his personal representative."  Cal. Gov't Code § 815.2(a).

2         b.        California Government Code § 821.6

3         Government Code § 821.6 reads: "A public employee is not liable for injury caused by

4    his instituting or prosecuting any judicial or administrative proceeding within the scope of his

5    employment, even if he acts maliciously and without probable cause."  "This section applies to

6    police officers as well as public prosecutors since both are public employees within the meaning

7    of the Government Code."  Randle v. City and County of San Francisco, 186 Cal. App. 3d 449,

8    456 (1986); see Catsouras v. Department of California Highway Patrol, 181 Cal.App.4th 856,

9    889 (2010); Johnson v. City of Pacifica, 4 Cal.App.3d 82, 85 (1970).  Section 821.6 is construed

10   "broadly in furtherance of its purpose to protect public employees in the performance of their

11   prosecutorial duties from the threat of harassment through civil suits."  Richardson-Tunnell v.

12   Schools Ins. Program for Employees (SIPE), 157 Cal.App.4th 1056, 1062 (2007); Gillan v. City

13   of San Marino, 147 Cal.App.4th 1033, 1048 (2007).  "Acts by a public employee that are

14   prepatory to a potential institution of judicial proceedings, including acts in the course of an

15   investigation of alleged wrongdoing, are covered by [§ 821.6]."  All Angels Preschool/Daycare v.

16   County of Merced, 197 Cal.App.4th 394, 407 (2011); see Gillan, 147 Cal.App.4th at 1048.  Thus,

17   acts taken during an investigation prior to the institution of a judicial proceeding are protected

18   "because investigations are essential steps toward the institution of formal proceedings."  All

19   Angels, 197 Cal.App.4th at 408; County of Los Angeles v. Superior Court, 181 Cal.App.4th 218,

20   229 (2009).  Similarly, "[a]cts undertaken in the course of an investigation, including press

21   releases reporting the progress or results of the investigation, cannot give rise to liability."  All

22   Angels, 197 Cal.App.4th at 408; Gillan, 147 Cal.App.4th at 1048; see Ingram v. Flippo, 74

23   Cal.App.4th 1280, 1292-93 (1999).  Further, § 821.6 immunity is not limited to claims for

24   malicious prosecution, but also extends to other causes of action arising from conduct protected

25   by the statute, including defamation, intentional infliction of emotional distress, and Civil Code §

26   52.1.  See County of Los Angeles, 181 Cal.App.4th at 231; Gillan 147 Cal.App.4th at 1048.

27   However, claims for false arrest and false imprisonment are not covered by § 821.6.  Gillan, 147

28   Cal.App.4th at 1050-51.  The immunity of § 821.6 applies to negligent conduct as well as

malicious conduct, see Richardson-Tunnell, 157 Cal.App.4th at 1062-63, and applies even if the officers abused their authority, such as by suppressing evidence.  See Gillan, 147 Cal.App.4th at 1048; Randle, 186 Cal.App.3d at 456-57.  Section 821.6 immunity "applies only to conduct within the scope of employment," which refers to work that the public employee "was employed to perform, or when the act is incident to his duty and is performed for the benefit of his employer, not to serve his own purposes or convenience."  Richardson-Tunnell, 157 Cal.App.4th at 1062.  The test of § 821.6 immunity "is not the timing of the offending conduct but whether there is a causal relationship between the act and the prosecution process.  Thus, if the act is taken as part of the process, it is protected by the immunity in § 821.6."  County of Los Angeles, 181 Cal.App.4th at 229; Ingram 74 Cal.App.4th at 1292-93; see also Blankenhorn v. City of Orange, 485 F.3d 463, 488 (9th Cir. 2007) (". . . § 821.6, as it applies to police conduct, is limited to actions taken in the course or as a consequence of an investigation."); All Angles, 197 Cal.App.4th at 408.  Conversely, acts that are not performed in the course and scope of employment, or acts that are not done in furtherance of an investigation/the prosecution process are not protected by § 821.6.  See Blankenhorn 485 F.3d at 488; Catsouras, 181 Cal.App.4th at 889.

*Discussion*

1.      Clovis Police Department

Hill does not dispute that the Clovis Police Department is an improper party since it is a mere subsidiary of the City of Clovis.  Instead, Hill seeks leave to substitute the City of Clovis into the case.  Since both parties appear to agree that the City of Clovis, and not the Clovis Police Department, is the appropriate entity defendant, the Court will dismiss the Clovis Police Department.

2.      Government Claims Act & Government Liability

Hill concedes that the Complaint contains no allegations regarding compliance with either Government Code § § 945.4 or § 950.2.  Compliance with these provisions are elements of any state law claim for money damages against a public entity or against a public employee for

12

1  employment related conduct.  See Shirk, 42 Cal.4th at 209; Briggs, 230 Cal.App.3d at 612-13.

2  Because the complaint fails to make any allegations of compliance with the Government Claims

3  statutes, and because all of the Defendants are either public entities or public employees,

4  dismissal of all state law claims is appropriate.  See Karim-Panahi, 839 F.2d at 627.

5          As part of his opposition, Hill states that he submitted a timely Government Claims Act

6  claim to the City of Clovis on October 26, 2011.  Hill states that his state law claims accrued on

7  January 27, 2011.  However, defamation is considered a claim for personal injury, see McKinney

8  v. County of Santa Clara, 110 Cal.App.3d 787, 795 (1980), and thus it is subject to the six month

9  statute of limitations.  See Fernandez v. County of Solano, 2003 Cal.App. Unpub. LEXIS 4853,

10  *11-*12 (2003).[6]  It appears that malicious prosecution is also a personal injury that is subject to

11  § 911.2(a)'s six month limitations period.  See Rutledge v. County of Sonoma, 2008 U.S. Dist.

12  LEXIS 51313, *31 (N.D. Cal. July 1, 2008); cf. Ovando, 159 Cal.App.4th at 63 n.7 ("Thus, the

13  six month period applies to claims relating to causes of action for personal injury, including not

14  only physical injury but also emotional injury and injury to reputation.").  Assuming that both

15  state law causes of action accrued on January 27, 2011, Hill had until July 27, 2011, to submit a

16  timely Government Claims Act claim.  Hill's submission of a claim on October 26, 2011,

17  appears untimely.

18          However, it is possible for a party to submit a request to file an out of time Government

19  Claim.  See Cal. Gov't Code § 911.4; County of Los Angeles, 91 Cal.App.4th at 1308.  The

20  representations made in the opposition do not indicate that a § 911.4 claim was filed.  Because it

21  is still possible for Hill to file a § 911.4 claim, the Court will not dismiss the state law causes of

22  action with prejudice.  Instead, the Court simply will dismiss the state law causes of action

23  without prejudice because there are no allegation of compliance, or excuses for non-compliance,

24  with the Government Claims Act.  See Mangold, 67 F.3d at 1477; Karim-Panahi, 839 F.2d at

25  627.  If Hill chooses to amend these state law causes of action, he must do so in a manner that

26

27          [6]This Court may cite unpublished California appellate decisions as persuasive authority.  See Employers
    Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 n.8 (9th Cir. 2003);  Grant v. Aurora Loan Servs., 736
28  F.Supp.2d 1257, 1272 n.53 (C.D. Cal. 2010).

addresses the apparent untimeliness of his presented claims.[7]

3.    Government Code § 821.6 Immunity[8]

With respect to Hill's malicious prosecution claim, the Complaint identifies conduct by Bradford that was done during his investigation of Hill.  See Complaint at ¶ 41.  The Complaint alleges that Bradford ignored evidence, omitted evidence, recklessly failed to obtain evidence, improperly tailored his final report, and ignored the elements of the offense at issue.  See id. That is, each of the acts identified in the Complaint relate to either the manner of the investigation or to Bradford's report to the District Attorney.  As alleged in the Complaint, Bradford's conduct falls squarely within the investigative functions of a typical police officer and thus, constitutes conduct that was done in the course and scope of Bradford's employment as a police officer.  Cf. Amylou R. v. County of Riverside, 28 Cal.App.4th 1205, 1209-14 (1994); Johnson, 4 Cal.App.3d at 84-85.  Because investigation is a necessary prerequisite to the filing of a judicial process, conduct done in furtherance of an investigation is covered by § 821.6 immunity, even if the investigator acts negligently, maliciously, without probable cause, or abuses his authority.  See Cal. Gov. Code § 821.6; All Angels, 197 Cal.App.4th at 407-08; Richardson-Tunnel, 157 Cal.App.4th at 1062-63; Gillan, 147 Cal.App.4th at 1048-49.  As a police officer, Bradford is a public employee who is eligible for § 821.6 immunity.  See Randle, 186 Cal.App.3d at 456.  As the Complaint currently stands, and irrespective of the allegations of recklessness, malice, and absence of probable cause, Bradford is entitled to § 821.6 immunity because Hill's malicious prosecution claim is based on investigatory conduct that was performed within the course and scope of Bradford's employment as a police officer.  See Cal. Gov. Code § 821.6; All Angels, 197 Cal.App.4th at 407-08; Richardson-Tunnel, 157 Cal.App.4th at 1062-63;

---

[7]Relatedly, it is apparent that Hill is attempting to hold a public entity liable, but the Clovis Police Department will be dismissed.  If Hill amends his complaint and substitutes in the City of Clovis as a defendant, then the amended complaint must also identify the statute that makes the City of Clovis liable for any state law claims, be it Government Code § 815.2 or another independent statute.  If no statute is identified in the complaint that imposes liability on a public entity, then no viable claim is pled.  See Young v. City of Visalia, 687 F.Supp.2d 1155, 1164 (E.D. Cal. 2010); Eastburn, 31 Cal.4th at 1183.

[8]The Court address the Clovis Defendants' arguments regarding § 821.6 immunity because it is unclear that the Government Claims Act deficiencies cannot be cured.

1  Gillan, 147 Cal.App.4th at 1048-49; Johnson, 4 Cal.App.3d at 84-85.  Dismissal of this claim is

2  therefore appropriate.[9]

3      With respect to Hill's defamation claim, to properly allege a defamation cause of action,

4  Hill must allege a publication that is false, defamatory, unprivileged, and has a natural tendency

5  to injure.  See Tatus v. Loftus, 40 Cal.4th 683, 720 (2007); Wong v. Jing, 189 Cal.App.4th 1354,

6  1369 (2011).  Here, the Complaint does not identify any publication and does not allege that

7  statements were unprivileged.  Further, Hill's defamation cause of action incorporates by

8  reference all proceeding paragraphs.  As discussed above, those paragraphs all indicate conduct

9  that was done in furtherance of a criminal investigation or the prosecution process.  See

10  Complaint at ¶ 41.  The immunity of § 821.6 covers the tort of defamation, and immunizes

11  statements made to the press that are causally related to the prosecution process, including the

12  progress or results of an investigation.  See All Angles, 197 Cal.App.4th at 407-08; Gillan, 147

13  Cal.App.4th 1048-49; Ingram, 74 Cal.App.4th at 1292-93.  Without identification of the

14  statements that are alleged to be defamatory, the Court cannot tell for sure whether § 821.6

15  immunity applies.  However, given the incorporation by reference of the proceeding paragraphs,

16  there is a strong indication that § 821.6 immunity is applicable to Hill's defamation claim.

17      As currently pled, there is a strong indication that all of Hill's state law claims are barred

18  by the immunity of § 821.6.  However, acts that are not performed in the course and scope of

19  employment, or acts that are not done in furtherance of an investigation/the prosecution process

20  are not protected by § 821.6.  See Blankenhorn 485 F.3d at 488; Catsouras, 181 Cal.App.4th at

21  889.  Since it is not clear that Hill is unable to allege conduct that is outside the scope of § 821.6,

22  the Court will dismiss Hill's state law claims without prejudice.[10]

23

24

25      [9]Further, if Bradford is entitled to immunity under § 821.6, then the City of Clovis is also entitled to
   immunity.  See Cal. Gov. Code § 815.2(b); County of Los Angeles, 181 Cal.App.4th at 232.

26

27      [10]There are no false arrest/false imprisonment claims alleged, nor are there claims alleged under Civil Code
   § 52.1.  Hill has indicated a desire to include a Civil Code § 52.1 claim.  However, unless the claim is based on a
   false arrest/false imprisonment, see Gillan, 147 Cal.App.4th at 1050-51, § 821.6 immunity will bar a Civil Code §

28  52.1 claim.  County of Los Angeles, 181 Cal.App.4th at 231-32.

1          4.      Request To Amend

2          The County Defendants have filed a motion to dismiss that is set for hearing on

3  December 19, 2011.  The County Defendants make similar arguments to those made by the

4  Clovis Defendants, including the issue of immunity.  The County Defendants' motion was filed

5  on October 26, 2011.  Hill filed a formal motion to amend under Rule 15 on October 31, 2011.

6  Hill seeks to substitute in the City of Clovis and the County of Fresno, and also seeks to add a

7  claim under California Civil Code § 52.1.

8          Pursuant to Federal Rule of Civil Procedure 15(a), "A party may amend its pleading once

9  as a matter of course within . . ., if the pleading is one to which a response pleading is required,

10  21 days after service of the responsive pleading or 21 days after service of a motion under Rule

11  12(b) . . . ."  Fed. R. Civ. P. 15(a)(1)(B).  Assuming that there have been no other amendments, if

12  a case has more than one defendant, and not all defendants have filed responsive pleadings or

13  12(b) motions, then a plaintiff may amend his complaint as a matter of right as to those non-

14  filing defendants within 21 days of service of the responsive pleading or 12(b) motion.  Accord

15  Williams v. Board of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007); AAA Cooper Transp. v.

16  Wes-Pak, Inc., 2011 U.S. Dist. LEXIS 77888, *4-*5 (M.D. Ala. July 18, 2011).  When a party

17  has the ability to amend a pleading as a matter of course, but nevertheless requests permission to

18  amend, the party's right to amend is not lost and the court is obliged to grant such unnecessary

19  requests.  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Stewart v.

20  RCA Corp., 790 F.2d 624, 631 (7th Cir. 1986).

21          Here, each of the causes of action against the Clovis Defendants will be dismissed with

22  leave to amend.  Since Hill's request to file an amended complaint against the County

23  Defendants was made within 21 days of the County Defendants filing a Rule 12(b)(6) motion,

24  Hill's request was unnecessary as he had the right to amend as a matter of course as to those

25  Defendants.  See Williams, 477 F.3d at 1291; Sparling, 864 F.2d at 638; Stewart, 790 F.2d at

26  631; AAA Cooper, 2011 U.S. Dist. LEXIS 77888, *4-*5.  Because Hill's request was

27  unnecessary as to the County Defendants and the claims against the Clovis Defendants have been

28  dismissed, the Court will allow Hill to file an amended complaint as to all Defendants.  However,

while Hill may substitute the City of Clovis for the Clovis Police Department, and may also substitute the County of Fresno for the District Attorney's Office, Hill should be cognizant of the immunity arguments that are made by the County Defendants.  Any amended complaint should include factual allegations that plausibly indicate that the various immunities raised by the Defendants do not apply.

**<u>CONCLUSION</u>**

The Clovis Defendants move to dismiss the claims against them.  Dismissal of the 42 U.S.C. § 1983 malicious prosecution claim is appropriate because there are insufficient allegations that establish which specific constitutional right the Defendants intended to violate.

Dismissal of the Clovis Police Department is appropriate pursuant to Hill's non-opposition and request to substitute the City of Clovis.

Dismissal of the state law cause of action for malicious prosecution is appropriate because the Complaint fails to allege compliance with the California Government Claims Act. Dismissal is also appropriate because the conduct alleged by Bradford fits under the immunity of Government Code § 821.6.  Finally, the Complaint fails to identify a statutory provision that provides for municipal liability.

Dismissal of the state law cause of action for defamation is appropriate because the Complaint fails to adequately identify the publications by the Defendants, fails to allege the absence of a privilege, and fails to allege compliance with the California Government Claims Act.  Further, the allegation indicate that Government Code § 821.6 immunity applies.  Finally, the Complaint fails to identify a statutory provision that provides for municipal liability.

Lastly, because it is not clear that amendment would be futile, dismissal will be without prejudice and Hill may file an amended complaint as to all Defendants.

//

//

//

//

17

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendants Mark Bradford and the Clovis Police Department's motion to dismiss is GRANTED as follows:

1.  The Clovis Police Department is DISMISSED, but Plaintiff may add the City of Clovis in its stead;

2.  All claims against Mark Bradford are DISMISSED without prejudice to amendment; and

3.  Plaintiff may file an amended Complaint that is consistent with this order within twenty (20) days of service of this order.

IT IS SO ORDERED.

Dated:   ___November 18, 2011___                        _____

                                                                          CHIEF UNITED STATES DISTRICT JUDGE