IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON HILL,        )<br>            )<br>     Plaintiff,    )<br>            )<br>  v.          )<br>            )<br>CLOVIS POLICE DEPARTMENT,  )<br>MARK BRADFORD (Badge #5465),  )<br>individually and as an officer of the )<br>Clovis Police Department, OFFICE OF )<br>THE DISTRICT ATTORNEY FRESNO )<br>COUNTY, ELIZABETH EGAN,   )<br>individually and as District Attorney, and )<br>ELANA ARON SMITH individually and )<br>as Deputy District Attorney,   )<br>            )<br>     Defendants.    )<br>_____) | 1:11-cv-1391  AWI SMS<br><br>ORDER ON DEFENDANTS'<br>MOTIONS FOR<br>RECONSIDERATION<br><br>(Doc. Nos. 41, 43) |

   This case stems from the investigation and prosecution of Preston Hill ("Hill") by Clovis Police Officer Mark Bradford, Fresno County District Attorney Elizabeth Egan, and Fresno County Deputy District Attorney Elana Smith ("Smith").  Hill has alleged *inter alia* that his constitutional rights were violated by the Defendants.  On March 9, 2012, the Court issued an order on the Defendants' separate Rule 12(b)(6) motions to dismiss.  See Doc. No. 40.  In relevant part, the Court held that Hill had stated plausible claims under 42 U.S.C. § 1983 for malicious prosecution against Bradford and for violation of the Fourteenth Amendment right to procedural due process against Bradford, Smith, and Elizabeth Egan.  See id.  The City of Clovis Defendants, joined by the County of Fresno Defendants, now move the Court to reconsider its March 9, 2012, order.  For the reasons that follow, the motions for reconsideration will be granted in part and denied in part.

**LEGAL FRAMEWORK**

As long as there is jurisdiction, district courts possess the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001). Local Rule 230(j) provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1) when and to what Judge or Magistrate Judge the prior motion was made,
> (2) what ruling, decision or order was made thereon,
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

L.R. 230(j). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 1990). Neither disagreements with a decision nor recapitulations of rejected arguments are adequate bases for reconsideration. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Reconsideration of an interlocutory order is generally justified upon a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; or (3) the need to correct clear error or prevent manifest injustice. Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**DEFENDANTS' MOTIONS**

*Defendants' Arguments*

The City Defendants argue that the malicious prosecution claim must be dismissed. First, in resolving Hill's writ of mandate, the Fresno County Superior Court determined that there was

sufficient evidence to establish that Hill violated Penal Code § 243.4.  Probable cause is a defense to a malicious prosecution claim.  Second, the juvenile wardship proceedings did not terminate in Hill's favor.  The juvenile court's minute orders of January 19, 2011, and January 27, 2011, indicate that the case was dismissed pursuant to a stipulation.  The case was dismissed after Hill and the victim participated in the SHARE program.  The reasonable inference is that the termination was negotiated and, for purposes of malicious prosecution, was not a termination in Hill's favor.

With respect to the procedural due process claim, dismissal of this claim is also appropriate.  First, the Superior Court has already determined that there was sufficient evidence to conclude that Penal Code § 243.4 was violated.  Second, the Superior Court determined that there was no violation of Hill's procedural due process rights.  While Hill did not specifically raise the issue of Bradford biasing the panel, he did argue that other individuals biased the panel.  Since Bradford lost on the issue of panel bias, and thus had the opportunity to litigate the issue in state court.  Third, the cases cited by the Court in the prior order are unpersuasive, and Hill has not overcome the presumption of impartiality.

The County Defendants argue that the expulsion panel's decisions were upheld by the Fresno County Superior Court.  The expulsion hearing possessed the requisite "judicial character," and the determinations of the expulsion panel may act as res judicata.  The findings of the panel indicate that Bradford's report was not "false and misleading."  Without a false and misleading report, there is no due process violation.  Further, although Hill did not argue about the effects of the District Attorney's Office's communications on the expulsion panel, he had the opportunity to litigate that issue because the same primary right to due process was at issue.

*Plaintiff's Opposition*

Hill argues that the criteria for reconsideration has not been satisfied, and thus, procedurally, reconsideration is not appropriate.  Hill also argues that Defendants have not shown with clarity and certainty what issues were actually determined by a prior judgment.  In particular, the superior court's order does not address the issue of probable cause.

With respect to the termination of the juvenile warship proceeding, Defendants could

3

have raised this argument previously, but chose not to do so.  Raising the argument at this time is improper.  Additionally, Defendants have not established that the charges were withdrawn on the basis of a compromise or for a cause that was not inconsistent with guilt.  The dismissal of the criminal charges was procured as a result of a motion by the district attorney.  A dismissal that results from a motion by a prosecutor, combined with allegations that the proceedings were instituted as the result of fraudulent conduct, are sufficient to allege a favorable termination.  Further, the documents that reflect the dismissal show that: (1) Hill and the victim agreed to participate in the SHARE program and to write a three page essay regarding what they learned from the process; and (2) the district attorney moved to dismiss the case "in the interest of justice."  Requiring the alleged victim to participate in the same program as Hill does not indicate that Hill is guilty.  Also, the dismissal documents give the Juvenile Court the discretion to dismiss the proceedings.  That the Juvenile Court chose not to exercise that discretion, and instead dismissed the case, shows Hill's innocence.

*Discussion*

1.      Res Judicata

To determine the preclusive effect of a state administrative decision or state court judgment under res judicata, federal courts will follow that state's rules of preclusion.  White, White v. City of Pasadena, 671 F.3d 917, 926 (9th Cir. 2012).  Under California law, for either issue preclusion or claim preclusion to apply, there must be a final judgment.  Id.; San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009); Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797 (2010); Lucido v. Superior Court, 51 Cal. 3d 335, 341 (1990).  "[T]he finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired."  Kay v. City of Ranch Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2008); Franklin & Franklin v. 7-Eleven Owners for Fair Franchising, 85 Cal.App.4th 1168, 1174 (2000).  That is, under California law, a judgment is not final and conclusive "when it is on appeal, or for as long as it remains subject to appeal . . . ."  Manco Contracting Co. (W.L.L.) v. Bezdikian 45 Cal.4th 192, 202 (2008); see also People v. Burns, 198 Cal.App.4th 726, 731 (2011); People ex

rel. Gow v. Mitchell Bros.' Santa Ana Theater, 110 Cal.App.3d 296, 306 (1980).

On March 9, 2012, Hill appealed the Superior Court's judgment to the California Fifth District Court of Appeal. See Fifth District Court of Appeal Docket No. F064713. The appeal is still pending. See id. Thus, the Superior Court's judgment is not final. See Kay, 504 F.3d at 808; Manco, 45 Cal.4th at 202; Franklin, 85 Cal.App.4th at 1174; Gow, 110 Cal.App.3d at 306. Further, the Superior Court viewed Hill's request for a writ of mandate to be an attempt "to set aside the decision to expel him for committing a sexual batter on another student."[1] Doc. No. 42-13 at 1:28-2:1; cf. Doc. No. 32-3 Ex. A. Although the Superior Court upheld the expulsion, it is possible for the Fifth District Court of Appeal to overturn the Superior Court's judgment and also overturn the expulsion decision. Thus, the expulsion panel's decision also does not appear to be final.[2]

Because there is no final judgment, dismissal of the Complaint on the basis of res judicata will be denied. See White, 671 F.3d at 926; San Diego, 568 F.3d at 734; Kay, 504 F.3d at 808; Boeken, 48 Cal.4th at 797; Manco, 45 Cal.4th at 202; Lucido, 51 Cal.3d at 341-43; Franklin, 85 Cal.App.4th at 1174; Gow, 110 Cal.App.3d at 306.

2.   Clear Error

The City Defendants have not shown clear error, rather, they have shown mere disagreement with the Court's conclusions. The Court agrees that there are factual distinctions between the cited cases and this case. Nevertheless, the facts of this case appear to be unique, and the factual differences do not warrant a different result at this time. The allegations in the

---

[1] Under California law, "a prior administrative proceeding, if upheld on review (or not reviewed at all), will be binding in later civil actions to the same extent as a state court decision if the administrative proceeding possessed the requisite judicial character." White, 671 F.3d at 927; Runyon v. Board of Tr., 48 Cal.4th 760, 773 (2010). The Court assumes without deciding that the expulsion proceedings "possessed the requisite judicial character" for purposes of claim and issue preclusion.

[2] Additionally, the Court has found that the Complaint's allegations indicate that the expulsion tribunal was improperly biased by the acts of Defendants. Under these circumstances, it does not appear to the Court that the public interest in the integrity of the expulsion system would be served by giving effect to the decision of an improperly biased administrative body. Cf. Lucido, 51 Cal.3d at 343 (explaining that issue preclusion should be consistent with the public policy of, *inter alia*, preservation of the integrity of the judicial system); Villacres v. ABM Industries Inc., 189 Cal.App.4th 562, 577 (2010) ("Res judicata will not be applied if injustice would result or if the public interest requires that relitigation not be foreclosed.").

Complaint are sufficient to plausibly show a violation of Hill's procedural due process right to an impartial tribunal. That is all that is required at this stage in the proceedings. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Contrary to the City Defendants' argument, Hill is not required to allege all of his evidence and to conclusively overcome presumptions of impartiality *at this point.* At other stages in the proceedings, Hill will have to rely on more than mere allegations. However, for purposes of Rule 12(b)(6), Hill has met his burden. Because clear error has not been demonstrated, reconsideration is not appropriate. See Westlands, 134 F.Supp.2d at 1131; Kern-Tulare, 634 F.Supp. at 665.

       3.      Malicious Prosecution[3]

One of the elements of a malicious prosecution claim under 42 U.S.C. § 1983 is that the prosecution terminated in the plaintiff's favor. Awabdy v. City of Adelanto, 368 F.3d 1062, 1066-68 (9th Cir. 2004). A favorable termination is a termination that indicates the plaintiff's innocence. Id.; Villa v. Cole, 4 Cal.App.4th 1327, 1335 (1994). Generally, if a termination leaves doubt as to the plaintiff's innocence, then there is not a favorable termination. Villa, 4 Cal.App.4th at 1335. Dismissals that result from negotiation, settlement, or consent, are usually not deemed favorable terminations for malicious prosecution. Ayala v. KC Environmental Health, 426 F.Supp.2d 1070, 1087 (E.D. Cal. 2006); Villa, 4 Cal.App.4th at 1335. Because the "purpose of a settlement is to avoid a determination on the merits," a termination based on such a "dismissal reflects ambiguously on the merits of the action as it results from the joint action of

---

[3] With respect to the malicious prosecution claim and the specific issue of a favorable termination, the City Defendants have not shown an intervening change in controlling law, newly discovered evidence or facts, or clear error by the Court. Cf. Kern-Tulare, 634 F.Supp. at 665. The City Defendants' motion in this respect is more in the nature of a successive Rule 12(b)(6) motion. Courts may entertain a successive Rule 12(b)(6) motion if it is brought in good faith and resolution of the motion would narrow the issues and expedite the case. See Allstate Ins. Co. v. Countrywid Fin. Corp., 2011 U.S. Dist. LEXIS 123844, *25-*26 (N.D. Cal. Oct. 21, 2011); Doe v. White, 2010 U.S. Dist. LEXIS 4163, *4-*5 (C.D. Cal. Jan. 20, 2010); Association of Irritated Residence v. C&R Vanderham Dairy, 2006 U.S. Dist. LEXIS 96061, *22 (E.D. Cal. Sept. 13, 2006). In the previous order, the Court gave Hill leave to amend certain claims. If Hill files an amended complaint, the City Defendants could file a motion to dismiss and raise the favorable termination issue. Further, nothing about the Court's prior Rule 12(b)(6) ruling would prevent the City defendants from re-raising the issue through a non-Rule 12(b)(6) motion. In light of these considerations, and because the parties have fully briefed the issue of favorable termination, the Court will view the City Defendants' arguments as a successive Rule 12(b)(6) motion and address the issue at this time. See id.

the parties, thus leaving open the question of . . . guilt or innocence." Villa, 4 Cal.App.4th at 1335. A dismissal that is "in the interests of justice" may constitute a favorable termination if the dismissal "reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant." Awabdy, 368 F.3d at 1068. When a dismissal "in the interest of justice" is procured through a "motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." Id.

     Here, the City Defendants point to the state juvenile court records to argue that there was no termination in Hill's favor. In pertinent part, a January 19, 2011, document reads: "Parties agree to participate in the SHARE program. Minor and alleged victim to participate. Minor and alleged victim to write 3 page essay re: what they have learned from this process. If minor completes essay & attends program, court may dismiss. Essays to be provided to court before next hearing." Doc. No. 42 at Ex. B.[4] On January 27, 2011, the juvenile court dismissed Hill's case. See Doc. No. 42 at Ex. C. The January 27, 2011, order indicates that the juvenile petition was dismissed at the motion of the district attorney in the interest of justice, and that the SHARE program was completed. See id. Both documents are on preprinted forms, but the relevant language is hand written, and appears to have been written by the juvenile court judge.

     The documents submitted to the Court ultimately reflect a dismissal "in the interests of justice." While it is possible for such a dismissal to constitute a favorable termination, especially in the face of a unilateral dismissal, the documents in this case show a negotiated settlement that was not unilateral. Cf. Villa, 4 Cal.App.4th at 1335-36. The January 19 document reflects that the parties agreed to participate in the SHARE program. See Doc. No. 42 at Ex. B. The January 19 document then shows that dismissal was contingent upon Hill completing the SHARE program. See id. Once Hill wrote his essay and participated in the program, it was then that

---

[4] The Court takes judicial notice of the January 19, 2011, and January 27, 2011, Fresno County Juvenile Court documents as public records. See Fed. R. Evid. 201.

dismissal could occur. "If minor [i.e. Hill] completes essay & attends program, court may dismiss." Id. Without participation in the SHARE program, there is no basis identified for dismissal. Further, the importance of Hill's participation in the SHARE program is reflected in the January 27 dismissal. In addition to stating that the District Attorney moved to dismiss the charges "in the interest of justice," the dismissal order expressly noted that the SHARE program had been completed. See id. If Hill had not completed SHARE program, then the documents do not indicate that the charges would have been dismissed.

      Hill raises an interesting point regarding the alleged victim's participation in the SHARE program. The January 19 document indicates that both Hill and Ross Rice, the victim, are to participate in the SHARE program. If Rice was an innocent victim to a crime, then it seems odd that Rice also would participate in the SHARE program. Nevertheless, that it is envisioned that both Hill and Rice participate in the SHARE program is reflective of a compromise position. Presumably Hill would have preferred a unilateral dismissal, but that was not the agreed basis for a dismissal. The condition precedent to dismissal in the January 19 document is Hill's participation in the SHARE program. See Doc. No. 42 at Ex. B ("If minor completes essay & attends program, court may dismiss."). Additionally, if Smith believed that she could not win or that Hill was innocent, then it is unknown why the potential dismissal would be dependent upon Hill meeting certain conditions. It would seem that a unilateral dismissal would have occurred, and the SHARE program would have never been raised. Finally, Hill does not describe the nature of either his or Rice's participation in the SHARE program. For example, a description of Rice's participation that indicated some kind of fault on Rice's behalf may help to give more meaning to the dismissal of the juvenile action.[5] However, Hill simply points out that Rice was to participate. While the Court finds Rice's participation in the SHARE program to be somewhat unusual, it alone does not overcome the apparent negotiated nature of the dismissal or the conditions that Hill was required meet in order for a dismissal to be authorized. See Awabdy, 368 F.3d at 1068; Villa, 4 Cal.App.4th at 1335-36.

---

[5] The Court is not holding that this information would alone be sufficient to establish a "favorable termination," rather, the Court is holding that this information has potential relevance to the issue.

8

The documents submitted show a negotiated or compromise dismissal of the juvenile action, which does not show a favorable termination. See Awabdy, 368 F.3d at 1068; Villa, 4 Cal.App.4th at 1335-36. Hill's opposition does not adequately discuss the circumstances surrounding the juvenile action's dismissal, why the dismissal is not a negotiated compromise, why Rice's participation was envisioned, or the nature of Hill's and Rice's participation in the SHARE program. The Court has significant concerns whether Hill can make additional allegations that will plausibly show a favorable termination, considering the January 19, 2011, and January 27, 2011, juvenile court documents. Nevertheless, since this is the first dismissal of this cause of action, and Hill still has permission to file an amended complaint as provided in the Court's prior Rule 12(b)(6) order, the Court will dismiss this claim with leave to amend.

## **CONCLUSION**

Defendants have filed a motion for reconsideration and request that the Court dismiss all claims alleged against them.

Reconsideration on the bases of the Superior Court's order and the expulsion panel's determinations is not appropriate. For either claim preclusion or issue preclusion to apply, there must be a "final judgment." Because Hill has filed an appeal in the Fifth District Court of Appeal, there is no final judgment.[6]

Reconsideration and dismissal on the basis of clear error by the Court is not appropriate. The City Defendants are attempting to hold Hill to a higher burden than that required by Rule 12(b)(6), and have merely shown disagreement with the Court's prior order.

As to the malicious prosecution claim against Bradford, the Court views the motion as a successive Rule 12(b)(6) motion. So viewed, dismissal is appropriate. The juvenile court documents indicate that the juvenile case was dismissed as the result of a negotiation and compromise, which is not a "favorable termination." Since Hill already has leave to amend, and this claim has not been previously dismissed, dismissal will be with leave to amend.

---

[6] However, once the decisions become final following the appellate process, the parties may re-raise the issues of claim and issue preclusion at a later time.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. That the Defendants' motions for reconsideration regarding dismissal of the 42 U.S.C. § 1983 claim for violation of due process are DENIED;
2. The City Defendants' motion to dismiss the 42 U.S.C. § 1983 claim for malicious prosecution is GRANTED and Plaintiff's malicious prosecution claim is DISMISSED with leave to amend;
3. Hill may file an amended complaint that is consistent with this order and the Court's March 9, 2012, order within ten (10) days of service of this order; and
4. If Hill does not file an amended complaint within ten (10) days of service of this order, Defendants shall file an answer to the complaint within seventeen (17) days of service of this order.

IT IS SO ORDERED.

Dated: May 17, 2012

CHIEF UNITED STATES DISTRICT JUDGE